**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| EVERETT B. ROBINSON, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 5:19-CV-00079-RWS |
| v. | § § § | |
| WARDEN GETER/FCI TEXARKANA, | § § | |
| Defendant. | § § | |

## ORDER

Everett B. Robinson, an inmate confined within the Bureau of Prisons, petitioned for a writ of habeas corpus under 28 U.S.C. § 2241. Docket No. 1. The Court referred the petition to Magistrate Judge Craven, who recommended that it be dismissed. Docket No. 3 at 3. Robinson objected. Docket No. 5. After careful *de novo* review, those objections are **OVERRULED,** and the petition is **DISMISSED**. *See* FED. R. CIV. P. 72(b).

Robinson claimed to be "serving an illegal sentence" because he was improperly found to be an armed career criminal. Docket No. 1 at 7. He was convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and found to be an armed career criminal based, in part, on a conviction for burglary in Arkansas, *id* § 924(e). The latter finding was unlawful, Robinson contended, because the Eighth Circuit has since held that Arkansas burglary is not a "crime of violence." Docket No. 1 at 7.

Recommending dismissal, the Magistrate Judge found Robinson's claims are not cognizable under § 2241. Docket No. 3 at 3. Judge Craven reasoned that Robinson sought relief from his sentence, rather than his underlying conviction, so § 2241 was not the proper avenue.

Petitioner objects, arguing that he is entitled to relief because he is serving a sentence which exceeds the statutory maximum sentence for his offense. He claims that *Persaud v. United States*, 134 S. Ct. 1023 (2014), held that imposing a mandatory sentence based on a prior conviction that is legally ineligible to justify the mandatory term is a fundamental error that may properly support relief under Section 2241. He also states the Courts of Appeal for the Fourth and Sixth Circuits have held that sentencing errors may be asserted in a § 2241 petition. *Harrington v. Ormond*, 900 F.3d 246 (6th Cir. 2018); *Wheeler v. United States*, 886 F.3d 415, 428 (4th Cir. 2018).

"[Section] 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause'" *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). "[T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.* at 904.

As the Magistrate Judge found, Robinson's petition is not cognizable under § 2241: "a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, is not the type of claim that warrants review under § 2241." *Vinson v. Maiorana*, 604 F. App'x 349, 350 (5th Cir. 2015) (internal quotations omitted); *see also Kinder v. Purdy*, 222 F.3d. 209 (5th Cir. 2000) (holding that § 2241 does not provide relief for petitioners who claim their prior convictions no longer qualify as sentencing enhancements). To be sure, other circuits may permit such claims, but "[i]n the absence of an en banc decision by [the Fifth Circuit] or an intervening Supreme Court decision overruling *Reyes-Requena*, this court is bound by [Fifth Circuit] precedent." *Vinson,* 604 F. App'x at 350. Any relief Robinson seeks

regarding a sentencing issue must be pursued by filing a motion to vacate, set aside or correct sentence pursuant to § 2255 in the district court where he was convicted.

Likewise, "*Persaud* was not a substantive decision and, therefore, does not support Robinson's contention that the particular sentencing errors he complains of are amenable to § 2241 relief in this case. *Robinson v. United States*, 812 F.3d 476, 477 (5th Cir. 2016).

For the reasons set forth above, Petitioner's objections (Docket No. 5) are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the Court **ADOPTS** the Report (Docket No. 3) as the opinion of the Court. It is further

**ORDERED** that this petition for writ of habeas corpus is **DISMISSED**.

**So ORDERED and SIGNED this 28th day of July, 2020.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE